UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HENDRIX,

    Petitioner,                                         No. 11-14659
                                                    HON. AVERN COHN
v.

CARMEN PALMER,

    Respondent.
_____/

**<u>MEMORANDUM AND ORDER  GRANTING PETITIONER'S MOTION TO HOLD THE PETITION IN ABEYANCE (Doc. 2)
AND ADMINISTRATIVELY CLOSING THE CASE</u>**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Joseph Hendrix, ("Petitioner"), a state prisoner, has filed a pro se petition for writ of habeas corpus challenging his convictions for first-degree murder, carjacking, and unlawfully driving away an automobile.  Petitioner has also filed a motion to stay proceedings and hold the petition in abeyance to permit him to return to the state courts to present an additional claim that has not been exhausted with the state courts and that is not included in his current habeas petition.  For the reasons stated below, the motion will be granted.  As will be explained, Petitioner must pursue his state court remedies under the terms outlined below.

### II. Background

Petitioner was convicted after a jury trial in the Macomb Circuit Court.  He was sentenced on April 19, 2007.  Petitioner's direct appeal was denied by the Michigan Supreme Court on July 26, 2010.  <u>People v. Hendrix</u>, 487 Mich. 855, 785 N.W.2d 157 (2010).  On October 21, 2010, Petitioner filed the habeas petition.  Petitioner then filed a

motion to stay, in which he says he seeks to present an unexhausted claim to the state courts. Specifically, Petitioner says that he has discovered new evidence that, contrary to the testimony of a police officer, similar carjackings occurred after the petitioner was placed in jail. Petitioner also says that he filed the petition three days prior to the expiration of the one-year statute of limitations.

### III. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. Moritz v. Lafler, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. Griffin v. Rogers, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

Here, Petitioner requests a stay because he alleges that his recently discovered evidence undermined testimony that the carjackings with the same modus operandi used in his case ceased after he was arrested. He wishes to return to the state court and file a second motion for relief from judgment, raising claims supported by this new evidence.

Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his new claim is well-taken. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations. See 28 U.S.C. § 2244(d)(1). Indeed, it appears that the petition was filed with only a few days remaining on the statute of limitations. Under this circumstance, the Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction

filings on the statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)(citing Rhines v. Weber, 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278.  To ensure that there are no delays by Petitioner in exhausting his state court remedies, the Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See Palmer v. Carlton, 276 F. 3d 777, 781 (6th Cir. 2002).  Those time limits are outlined below.

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts.  This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. Hargrove, 300 F. 3d at 721; See also Geeter v. Bouchard, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. Conclusion

Petitioner's motion to hold the petition in abeyance is **GRANTED**.  Petitioner may attempt to file a second motion for relief from judgment with the state court within **sixty (60) days** of receipt of this order.  If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the petition will be dismissed without prejudice.

Once Petitioner files a motion for relief from judgment, he shall notify the court that

such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within **thirty (30) days** after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 23, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160