CK# 277919

$100 N/

# STATE OF MICHIGAN
# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,
    *Plaintiff-Appellee*,

                COA No. 277919

v

                Macomb County Case No. 2007-000056-FC

JOSEPH HENDRIX,
    *Defendant-Appellant.*

---

Mary Jo Diegel (P35617)       Michael Skinner (P62564)
Macomb County Prosecutor      Law Offices of Michael B. Skinner
1 South Main Street, Fl 3        27 East Flint Street
Mount Clemens, Michigan 48043    Lake Orion, MI 48362-3222
(586) 469-7291           (248) 693-4100
*Attorney for Plaintiff-Appellee*     *Attorney for Defendant-Appellant*

---

## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REMAND

  The prosecution's Answer to Motion to Remand and Answer to Motion to File Response to Appellee's Answer to Motion to Remand sufficiently misstated the law that Mr. Hendrix is concerned that they may have caused this Court to unduly deny his Motion to Remand.

  The core problem with the prosecution's argument is that it claims that Mr. Hendrix reinitiated contact with the police at the second interview *in the middle of the second interview, after the police had already started questioning him.*[1] The prosecution's argument is this: The police initially interrogate Mr. Hendrix on September 6th, at which time he invokes his right to counsel.

---

[1] "During the questioning about the other stolen car cases, defendant initiated a conversation with Detective Hogan about the Doen case." *Plaintiff-Appellee's Answer to Motion to Remand*, p. 7.

1

Two days later, on September 8th, the police return – *on their own initiative* – to interrogate Mr. Hendrix about two separate car thefts. In the middle of this September 8th interrogation, Mr. Hendrix asks a question about the case at bar – and (under the prosecution's quirky and totally spurious reading of United States Supreme Court precedent) this question *during* the interrogation constituted reinitiation by Mr. Hendrix.

This is *not* the law. Once a suspect invokes his right to counsel, the police cannot interrogate that suspect about *any* crime unless the suspect reinitiates contact and provides a new valid waiver of his right to counsel. The prosecution in this case repeatedly makes it appear constitutionally significant that the police sought to interrogate Mr. Hendrix at the second, September 8th, interview about different crimes. The prosecution puts in italics numerous times throughout its two briefs that the police were interrogating Mr. Hendrix about two different car thefts. *It doesn't matter.* And it is black-letter U.S. Supreme Court law that it doesn't matter. Contrary to the prosecution's assertions, *Arizona v Roberson,* 486 US 675 (1988), is directly on point, holding that the police cannot interrogate a suspect after the invocation of the right to counsel *even about separate and distinct crimes.* The police cannot reinitiate contact *at all* after an invocation of a suspect's right to counsel.

Also contrary to the prosecution's argument, Mr. Hendrix has not confused his Fifth and Sixth Amendment rights to counsel. Mr. Hendrix never mentioned his Sixth Amendment right. Mr. Hendrix had not been arraigned on this charge yet, and his Sixth Amendment right was not at issue. Under the *Sixth* Amendment, the police *can* interrogate a suspect regarding unrelated crimes, even after the right attaches. But under the *Fifth* Amendment, the right at issue here and under *Miranda* and its progeny, the police *cannot* interrogate a suspect regarding unrelated crimes unless the suspect

2

reinitiates contact with the police. All of the law discussed below concerns a suspect's Fifth Amendment right.

The principal case on this issue is *Edwards v Arizona*, 451 US 477 (1981). In *Edwards*, the accused was arrested and questioned while in custody. After waiving his *Miranda* rights and answering some initial questions, he asserted he wanted to speak to an attorney. At that point, this interrogation ceased. The next day, two other police officers came to see Mr. Edwards. After he first told them he didn't want to speak to them, they persisted, again reading the *Miranda* rights. Mr. Edwards at this time agreed to speak to the officers, and made an oral waiver of his right to counsel. His confession was later admitted at trial.

On review, the United States Supreme Court held the purported waiver of the right to counsel at the second interrogation was constitutionally invalid. Citing to language in *Miranda v Arizona*, 384 US 436 (1966), to the effect that once the accused asserts the right to counsel, all questioning must cease until an attorney is present, the Court found this requirement cannot be overcome by an argument the accused later agreed to speak without counsel:

> We now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. **We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.**

451 US at 484-85 (emphasis added). The Court added that it is improper for the police to seek to reinterrogate an accused in custody if he has asserted the right to counsel. Only where the defendant

3

initiates further contact can he countermand the previous assertion of the right. 451 US at 485.

The *Edwards* rule has been upheld and expanded in several subsequent decisions from the United States Supreme Court. In *Arizona v Roberson*, 486 US 675 (1988), the Court held that no exception to *Edwards* exists where the police want to reinterrogate an accused about an offense different than the offense in question during the initial interrogation. The Court in *Roberson* extolled the value of the "bright-line rule" expressed in *Edwards*, and commented on:

> the *Edwards* corollary that if a suspect believes that he is not capable of undergoing such questioning without advice of counsel, then it is presumed that any subsequent waiver that has come at the authorities' behest, and not at the suspect's own instigation, is itself the product of the 'inherently compelling pressures' and not the purely voluntary choice of the suspect.

486 US at 681.

In *Minnick v Mississippi*, 498 US 146 (1990), the Court reaffirmed the rule and wrote:

> These descriptions of *Edwards'* holding are consistent with our statement that 'preserving the integrity of an accused's choice to communicate with police only through counsel is the essence of *Edwards* and its progeny.' . . . Whatever the ambiguities of our earlier cases on this point, we now hold that when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney.

498 US at 153.

In *People v Paintman*, 412 Mich 518 (1982), the accuseds asserted their respective rights to counsel, but were later interrogated without having an opportunity to consult with any attorney. The Supreme Court found the subsequent *Miranda* waivers invalid, under *Edwards* and *Miranda*. In neither situation did the accused initiate further contact with the police, or seek to revoke the prior assertion of the right to counsel until again approached by the police. The *Paintman* Court stated:

4

> Of what significance is invocation of a cherished constitutional right if it is ignored by the hearer and, in fact, only seems to exacerbate the defendant's plight? . . . *Miranda* becomes meaningless rhetoric in the face of a request for counsel that matures only in form but not in substance.

412 Mich at 529-530.

In *Arizona v Roberson*, the Court held that where the right asserted is the right to counsel, further interrogations are not valid even if the second interrogation is directed at a different offense. 486 US at 683. In the case at bar, Mr. Hendrix asserted the right not to deal with the police except through counsel. Nevertheless, Det. Hogan reinitiated contact with Mr. Hendrix and began to interrogate him. The prosecution's argument that Mr. Hendrix is the one who reinitiated contact in the *middle* of Det. Hogan's interrogation is a truly amazing piece of (un)reasoning. Because Det. Hogan was the one who reinitiated contact, the admission of Mr. Hendrix's statements against him at trial violated his Fifth Amendment right.

At this point, Mr. Hendrix is asking only for an evidentiary hearing. There is substantial reason to believe that Mr. Hendrix's Fifth Amendment rights were violated, but Mr. Hendrix is seeking in this motion only to explore the issue and allow the trial court to make a decision on the matter.

Mr. Hendrix prays that this Court reconsider its order denying his motion to remand.

Respectfully submitted,

/s/ Michael Skinner

Michael Skinner (P62564)
Law Offices of Michael Skinner
27 E. Flint Street
Lake Orion, MI 48362
(248) 693-4100
*Attorney for Defendant-Appellant*

DATED: June 11, 2008

RECEIVED 2008 JUN 12 PH 2:59 TROY USERRE SANDRA SCHULTZ REINGEL CHIEF CLERK