UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HENDRIX,

          Petitioner,          Case No. 11-14659

v.          HON. AVERN COHN

CARMEN PALMER,

          Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO STAY ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 36)**

I.

This is a habeas case under 28 U.S.C. § 2254. The Court granted Petitioner a writ of habeas corpus conditioned on the state affording Petitioner a new trial because the admission of his statement to police at his murder trial violated his Fifth Amendment right to counsel. (Doc. 26). Respondent filed a notice of appeal. (Doc. 30).

Before the Court is Respondent's motion to stay, requesting that the 90-day period in which the state must take action to afford Petitioner or a new trial or release him be stayed pending the appeal. (Doc. 36). For the reasons that follow, the motion is GRANTED.

II.

Rule 23(c) of the Federal Rules of Appellate Procedure provides that when a decision ordering the release of a prisoner is on appeal, the prisoner must be released unless the court orders otherwise. While this rule creates "a presumption of release pending appeal where a petitioner has been granted habeas relief," the presumption can be overcome. O'Brien v. O'Laughlin, 557 U.S. 1301, 1302 (2009). In deciding whether to

stay an order granting habeas relief pending appeal, a court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

As to the first factor, on habeas review, a constitutional error is harmless unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).  The Court has found that the erroneously admitted statement formed a critical part of the prosecutor's case against Petitioner irrespective of the fact that the evidence presented against him was otherwise strong.  Thus, Respondent has not made a strong showing that it is likely to succeed on the merits.

Next, the Court must consider the possibility of flight and any risk posed to the public by Petitioner's release pending Respondent's appeal. Respondent argues that Petitioner presents a danger to the community because of his extensive criminal record, his placement in the highest security classification in prison, and his poor institutional record.  According to Michigan Department of Corrections records, Petitioner's "actions have presented a huge security concern and precludes prisoner [from] remaining in general population."  (Doc. 40, Central Office File, Segregation Classification Hearing Report, p. 131).  Given Petitioner's institutional record and criminal history, this factor

weighs in favor of Respondent.

As to the third factor, Petitioner is obviously injured by his continued confinement pursuant to a constitutionally infirm conviction.  However, as Respondent notes, Petitioner will be subject to a retrial and, if convicted, face a life sentence.  Thus, this factor weighs in favor of Respondent.

The fourth factor requires consideration of where the public interest lies.  Petitioner remains in the position of a person charged with first-degree murder.  Thus, as far as the public interest is concerned, Petitioner should not be placed in a more advantageous position than a pretrial detainee. In Michigan, bail routinely is denied defendants charged with first-degree murder.  See Mich. Const. art. I, § 15(b) (denying bail "where proof is evident or the presumption great" to all "persons … indicted for, or arraigned on a warrant charging, murder or treason"); MICH. COMP. LAWS § 765.5 (stating that "no person charged with treason or murder shall be admitted to bail if the proof of his guilt is evident or the presumption great").  Accordingly, this factor favors Respondent.

III.

In sum, three of the four factors militate against Petitioner's release pending appeal.


SO ORDERED.


S/Avern Cohn
 HON. AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2016
       Detroit, Michigan

3